## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTINA OLIVER, individually and on behalf of all others similarly situated, | Case No. 16-5177 |
| *Plaintiff,* | **CLASS ACTION** |
| v. | **DEMAND FOR JURY TRIAL** |
| TTC AMERIDIAL, LLC, an Illinois limited liability company, and AMERIDIAL, INC., an Ohio corporation, | |
| *Defendants.* | |

Plaintiff Kristina Oliver ("Oliver" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants TTC Ameridial, LLC ("TTC Ameridial"), and Ameridial, Inc. ("Ameridial") (collectively "Defendants"), to stop their practice of making unsolicited telemarketing calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.  Defendant TTC Ameridial was formed in October 2014, when a division of Defendant Ameridial merged with a company formerly known as TTC Marketing Solutions.

2.  The newly formed company, TTC Ameridial, provides telemarketing services and lead generation services for businesses in the education sector, including the operation of call centers and the making of telephone calls to consumers on behalf of its clients.

3.  Unfortunately for consumers, Defendants cast their marketing net too wide. That is, in an attempt to promote Ameridial's business and generate leads for their clients, Defendants

conducted (and continue to conduct) a wide-scale telemarketing campaign that features the making of repeated unsolicited phone calls to consumers' cellular telephones without consent—all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4.      By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls and a loss of value realized for any monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls intentionally interfered with Plaintiff and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components and the wear and tear on the phone and battery and data storage that comes from unwanted and repeated calls to a cellular phone.

5.      The TCPA was enacted to protect consumers from unsolicited and annoying telephone calls like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Kristina Oliver is a natural person and citizen of the State of Louisiana.

7.      Defendant TTC Ameridial, LLC, is a company existing under the laws of Illinois, with its headquarters at 3945 N. Neenah, Chicago, Illinois, 60634. Defendant conducts business throughout this District, the State of Illinois, and the United States.

8.      Defendant Ameridial, Inc., is a company existing under the laws of the state of

Ohio, with its headquarters at 4535 Strausser Street, N.W., Canton, Ohio, 44720. Ameridial conducts business throughout this District, the State of Illinois, and the United States.

9.    Upon information and belief, Defendant Ameridial directly participated in, directed, authorized, or ratified the conduct constituting the statutory violations alleged herein. Defendants both received the benefits of the calls and approved the making of such calls. On information and belief, Defendant Ameridial established and/or approved Defendant TTC Ameridial's policies and practices, oversaw operations, and was directly involved in the business practices that violated the TCPA.

## JURISDICTION AND VENUE

10.    This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., which is a federal statute.

11.    The Court has personal jurisdiction over Defendants because they solicit significant consumer business in this District, have, entered into business to business contracts in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants solicit a significant amount of consumer business within this District, because Defendant TTC Ameridial is headquartered in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

13.    Defendant TTC Ameridial provides telemarketing services and lead generation services for businesses in the education sector, including operating call centers and making

calls to consumers on behalf of its clients.

14.     As described above, Defendant Ameridial established and/or approved Defendant TTC Ameridial's policies and practices, oversaw operations, and was directly involved in the business practices that violated the TCPA. Ameridial approved of the calls and received direct benefits from the making of the calls.

15.     Unfortunately for consumers, Defendants utilized (and continue to utilize) a sophisticated telephone dialing system to call cellular telephone users *en masse* for the purpose of promoting their services, often times calling consumers on their cellular phones.

16.     In Defendants' overzealous attempts to market their services, Defendants placed (and continue to place) phone calls to consumers who never provided consent to be called and to with whom Defendants have had no prior dealings or relationship.

17.     It works like this: Defendants seek to generate leads for their clients. However, Defendants have failed to appropriately segment their call list between landline and cell phone numbers. As a result, Defendants have called numerous cell phone numbers using auto-dialer equipment, which is expressly prohibited by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

18.     Defendants, or agents acting on their behalf, use a variety of local phone numbers to make their unlawful calls to consumers.  Not surprisingly, these practices have led to significant complaints from consumers:

- "I have blocked this number after repeated calls."[1]

- "I never answer, never anyone on the line. Repeated calls"[2]

- "Called me twice today and twice yesterday didn't answer each time.

---

[1] *http://mrnumber.com/1-720-410-7746/complaints*
[2] *Id.*

Never left a voice mail either"[3]

- "No answer dead silence"[4]

- "They called twice today, I didn't pick up either time. First time they left a 5 second voicemail of background noise, no voice."[5]

- "This number has been calling our office for the passed week or so. There is never anyone on the phone, just dead silence, calls at least 3 times a day."[6]; and

- "Hang up call—SPAM"[7]

19.     On its website, Defendant TTC Ameridial advertises "complete outbound calling program services," including "technology-driven calling programs."

20.     On information and belief, in making the phone calls at issue in this Complaint, Defendants and/or their agents utilized such technology, in the form of a contact center system that had the capacity to make automated calls. These calls constitute an ATDS under the TCPA. Such calls have the capacity to make calls without human intervention.

21.     Defendants knowingly made (and continue to make) telemarketing calls without the prior express consent of the call recipients and knowingly continue to call them after requests to stop. As such, Defendants have not only invaded the personal privacy of Plaintiff and members of the putative Class, they have also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF KRISTINA OLIVER

22.     On March 31, 2016, Plaintiff received a call on her cellular phone from the phone number 720-410-7446. When Plaintiff answered the call, there was no response and the caller hung up.

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

23.     Plaintiff has received numerous such calls from this number over the past year. Each and every time she answers, the call either automatically hangs up on her right away or she hears a brief but noticeable pause, during which time Plaintiff said "hello" several times until the calls hung up on her—strongly indicative of the use of predictive dialer technology.

24.     Plaintiff has also received numerous calls from numbers that are listed as "unavailable." These calls follow a similar pattern: Plaintiff answers, there is silence, and then the caller hangs up.

25.     It is believed that all of these calls from "unavailable" numbers are in fact from Defendants, in an attempt to disguise their identity.

26.     Plaintiff does not have a relationship with Defendants, has never provided her telephone number directly to either Defendant, and has never requested expressly or impliedly that Defendants place calls to her. Simply put, Plaintiff has never provided any form of prior express consent to Defendants to place calls to her and has no business relationship with Defendants.

27.     Defendants at all times are and were aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them, but thy persisted in making the calls in the hopes of maximizing their potential profits.

## CLASS ALLEGATIONS

28.     **Class Allegations**: Plaintiff Oliver brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the Class defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who from May 12, 2012 to the present: (1) Defendants (or a third person acting on behalf of Defendants) caused to be called; (2) on the person's cellular telephone number; (3) using an automatic dialing system; and (4) who Defendants claim they obtained prior express written consent to call in the same manner as Defendants claim they obtained prior express consent to call the Plaintiff.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the Class definition following the completion of class discovery regarding the size and scope of the Class, including the identity of any third party marketers and the manner by which Defendants contend that Plaintiff consented, if any.

29.    **Numerosity**: The exact size of the Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendants' records.

30.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)    Whether Defendants' conduct violated the TCPA;

(b)    Whether Defendants systematically made telephone calls to individuals who did not previously provide Defendants and/or their agents with their prior express consent to receive such phone calls;

(c)     Whether Defendants made the calls with the use of an ATDS; and

(e)     Whether members of the Class are entitled to treble damages based on the

willfulness of Defendants' conduct.

31.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the

Class. Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful

conduct during transactions with Plaintiff and the Class.

32.     **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Class, and has retained counsel competent and experienced in

complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants

have no defenses unique to Plaintiff.

33.     **Policies Generally Applicable to the Class**: This class action is appropriate for

certification because Defendants have acted or refused to act on grounds generally applicable to

the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the Class members, and making final injunctive relief

appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply

to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on

Defendants' conduct with respect to the Class as a respective whole, not on facts or law

applicable only to Plaintiff.

34.     **Superiority**: This case is also appropriate for class certification because class

proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy given that joinder of all parties is impracticable. The damages suffered by the

individual members of the Class will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendants' actions.

Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendants' misconduct. Even if members of the Class could sustain such individual

litigation, it would still not be preferable to a class action, because individual litigation would

increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court. Economies of time, effort and expense will be

fostered and uniformity of decisions ensured.

<u>**FIRST CAUSE OF ACTION**</u>
**Violation of  Telephone Consumer Protection Act, 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Autodialed No Consent Class)**

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     Defendants negligently made unsolicited telephone calls to cellular telephone

numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class

without their prior express written consent to receive such calls.

37.     Defendants made the telephone calls, or had them made on their behalf, using

equipment that had the capacity to store or produce telephone numbers to be called using a

random or sequential number generator, and to dial such numbers.

38.     Defendants, either on their own and/or through their agents, utilized equipment

that made the telephone calls to Plaintiff and other members of the Class simultaneously and

without human intervention. The telephone dialing equipment utilized by Defendants, also

known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of

telephone numbers, in an automatic and systematic manner.

39.     By making, or having made on its behalf, the unsolicited telephone calls to

Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an

automatic telephone dialing system, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

40.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the autodialed no-consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

**SECOND CAUSE OF ACTION**
**Knowing and Willful Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Autodialed No Consent Class)**

41.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42.     Defendants knowingly and willfully made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class without their prior express written consent to receive such calls.

43.     Defendants knowingly and willfully made the telephone calls, or had them made on their behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

44.     Defendants, either on their own and/or through their agents, knowingly and willfully utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendants, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

45.     By making, or having made on their behalf, the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendants have knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii).

46.     As a result of Defendants' knowing and willful unlawful conduct, Plaintiff and the members of the autodialed no-consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones, and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

47.     Because Defendants' conduct was willful and knowing, the Court must, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kristina Oliver, individually and on behalf of the Class, prays for the following relief:

1.     An order certifying the Class as defined above, appointing Plaintiff Kristina Oliver as the representative of the Class and appointing his counsel as Class Counsel;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendants and their agents to cease all unsolicited telephone calling activities, to honor do not call requests, and to provide a domestic number for opting out, and otherwise protecting the interests of the Class;

4.     A declaratory judgment declaring that Defendants' calls violated the TCPA, that Defendants' equipment constitutes an automatic telephone dialing system under the TCPA, and that Defendants failed to obtain prior express written consent to call Plaintiff;

5.     An award of reasonable attorneys' fees and costs; and

6.     Such other and further relief that the Court deems reasonable and just.

## TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure 38(b) Plaintiff has demanded a trial by jury.

Dates this 12th day of May, 2016.

Respectfully Submitted,

**KRISTIN OLIVER**, individually and on behalf of all others similarly situated,

By: /s/ /s/ Steven L. Woodrow

Marc McCallister
mem@mccallisterlawgroup.com
McCallister Law Group, LLC
120 North LaSalle St., #2800
Chicago, IL 60602
(312) 345-0611

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Phone: (877) 333-9427
Law@Stefancoleman.com

*Counsel for Plaintiff and the Proposed Class*